IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AUDREY BELL**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:10-CV-1945-L |
| | § | |
| **ABLE SECURITY & INVESTIGATIONS INC.** and **WALTER ROBERTS**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Entry of Default Final Judgment, filed June 15, 2011. After consideration of the motion, appendix, record, and applicable law, the court hereby **grants** Plaintiff's Motion for Entry of Default Final Judgment.

**I.     Background**

Plaintiff Audrey Bell ("Plaintiff") filed her Original Complaint ("Complaint") against Defendants Able Security & Investigations Inc. and Walter Roberts (collectively, "Defendants") in this court on September 28, 2010. Defendants were served on January 25, 2011, and January 31, 2011, respectively. To date, Defendants have filed no answer to Plaintiff's Complaint or otherwise defended in this lawsuit.

This action arises out of Defendants' alleged failure to pay Plaintiff her overtime wage compensation, in violation of the Fair Labor Standards Act (the "FLSA"). Plaintiff declares that she was employed by Defendants as a security guard from August 18, 2004, through March 18, 2010. During her employment, her average hourly rate of pay was $11 per hour. Plaintiff's time-keeping records from 2007 to 2010 reveal that she worked an average of 80 hours per week, and she declares

that she worked an average of 80 hours a week every week since she took the job in August 2004. She was compensated by her employer for each hour in excess of 40 per week at her normal rate of $11 per hour; however, she contends that she was entitled to an additional $5.50 for each hour worked in excess of 40 hours a week – that is, "time and a half" compensation for overtime pay. From April 18, 2004, to March 18, 2010, Plaintiff declares that she worked a total of 290 weeks and averaged 40 hours per week of overtime, resulting in 11,600 total hours of overtime. Accordingly, Plaintiff asserts that she is entitled to an additional $63,800 for her "time and a half" overtime compensation, which Defendants have yet to pay. Plaintiff's Complaint further asserts that Defendants willfully violated her rights under the FLSA, which entitles her to liquidated damages in an amount equal to her compensatory damages of $63,800.

Plaintiff requested the clerk to issue an entry of default on June 14, 2011, and default was entered on June 15, 2011. Plaintiff now requests the court to enter a default judgment against Defendants and award her the overtime compensation owed under the FLSA, liquidated damages, attorney's fees and costs, and prejudgment interest.

## II.     Default Judgment

The court determines that, because Defendants have neither filed an answer to the Complaint nor otherwise defended in this lawsuit, and because Defendants are not minors, incompetent persons, or in the military, Plaintiff is entitled to judgment against Defendants. The court therefore accepts as true the well-pleaded allegations stated by Plaintiff in her Complaint, the facts in Motion for Entry of Default Final Judgment, and those set forth in the appendix accompanying the motion.

### A. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). Plaintiff asks the court to award $63,800 in damages, which she declares is the total amount of overtime compensation to which she was entitled that Defendants did not pay her. Accepting Plaintiff's well-pleaded facts as true, the court determines that she is entitled to compensatory damages for the overtime compensation she earned but was never paid. As Plaintiff's counsel well understands, however, the FLSA is subject to a strict two-year statute of limitations, unless the cause of action arises out of a willful violation of the FLSA, in which case the limitations period is three years. 29 U.S.C. § 255(a).

Here, Plaintiff alleges that Defendants' conduct constituted a willful violation of the FLSA, and there is nothing in the record to contradict this assertion. The court accordingly determines that Defendants willfully violated the FLSA in their failure to pay Plaintiff her earned overtime wages. The court thus counts back three years from the date this lawsuit was filed to determine the recoverable amount of Plaintiff's unpaid overtime wages.

Plaintiff filed this action on October 11, 2010. She may therefore recover on all unpaid overtime wages she earned from October 11, 2007, and onward. She declares that her employment with Defendants ended on March 18, 2010. Accordingly, the relevant time period in which Plaintiff was employed by and can legally recover from Defendants for their failure to pay her overtime wages ran from October 11, 2007, until March 18, 2010 – a period of 125 weeks. Multiplying 125

weeks by 40 hours of overtime each week yields 5,000 total hours of unpaid overtime wages. Multiplying 5,000 by $5.50 produces a total recoverable amount of $27,500. The court accordingly determines that Plaintiff is entitled to $27,500 in compensatory damages for her unpaid overtime wages.

The FLSA additionally makes an employer liable to an employee for an amount of liquidated damages equal to the amount of unpaid wages for willful violations of the statute. 29 U.S.C. § 216(b). "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Because Defendants have not responded in any manner to Plaintiff's Complaint, let alone sustained their burden of showing that their failure to obey the FLSA was in good faith, the court determines that liquidated damages in the amount of an additional $27,500 are appropriate. The court accordingly concludes that Plaintiff is entitled to $55,000 in damages.

### B. Costs and Attorney's Fees

Plaintiff also seeks costs of $674.26 and attorney's fees of $3,325. The FLSA authorizes a prevailing party in an FLSA proceeding to recover costs and attorney's fees, and the award of attorney's fees in such a proceeding is mandatory. 29 U.S.C. § 216(b). In support of her request, Plaintiff submits—as part of her motion's appendix—the declaration of her attorney, Charles Scalise, and the billing records of his law firm, Ross Law P.C. The declaration and billing records detail the charges and expenses incurred on Plaintiff's behalf by her attorney and his law firm. Specifically, they identify the legal services performed, by whom such services were performed, the time expended thereon, and the hourly rate charged therefor. The declaration also makes clear that

the amounts are reasonable and commensurate with amounts typically charged by attorneys with similar experience and expertise in Central Texas for the legal services provided in a case like Plaintiff's. The court determines that the costs and fees were reasonable and necessary for the prosecution of Plaintiff's case.[*]

Having reviewed the declaration of Mr. Scalise and his firm's billing records against the backdrop of applicable law, the court determines that Plaintiff is entitled to $674.26 in costs and $3,325 in attorney's fees. Accordingly, the court will award these amounts to Plaintiff, and it further determines that such rates for the legal and paralegal services rendered in this case were reasonable and consistent with the rates charged for like professionals within the Central Texas legal community.

### C. Prejudgment Interest

Plaintiff requests prejudgment interest on all amounts owed to her under her FLSA claim against Defendants. The Fifth Circuit has drawn a distinction between FLSA claims brought under 29 U.S.C. § 216, concerning actions to recover unpaid minimum wages or unpaid overtime compensation and liquidated damages, as here, and FLSA claims brought under § 217, concerning injunctions. *Knowlton v. Greenwood Indep. Sch. Dist.*, 957 F.2d 1172, 1183 (5th Cir. 1992). Prejudgment interest is not available for FLSA claims brought under § 216; it is only available for FLSA claims brought under § 217. *Id.* Because Plaintiff's FLSA claim in this case seeks compensation for unpaid overtime wages and liquidated damages, it falls under § 216 only, and the court may not award prejudgment interest on the FLSA damages. *See id.*

---

[*]The billing records state that 18.60 total hours of legal work were necessary for Plaintiff's lawsuit and that the billing rates of Mr. Scalise and his paralegal were $300 per hour and $95 per hour, respectively, for a total of $3,325 in legal fees. The declaration also makes clear that Plaintiff incurred $674.26 in costs to prosecute this case.

**Memorandum Opinion and Order – Page 5**

### III. Conclusion

For the reasons stated herein, the court **grants** Plaintiff's Motion for Entry of Default Final Judgment. Accordingly, the court **orders** that default judgment be entered in favor of Plaintiff in the amount of $55,000. Costs in the amount of $674.26 and reasonable attorney's fees in the amount $3,325 are also assessed against Defendants. Postjudgment interest thereon shall be paid to Plaintiff at the applicable federal rate until the total amount of judgment is paid in full. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 28th day of June, 2011.

Sam A. Lindsay
United States District Judge